MARGARET NOON, Administratrix, *vs.* ANDREW J. FINNEGAN.

## May 15, 1884.

**Real Estate of Decedent — Trespass — Action by Administrator.** — A personal representative who has taken possession of the real estate of his decedent can maintain an action for injuries to such realty committed *post mortem decedentis.* This is so, even if the injuries were committed before he took possession, and before his letters of administration were granted.

**Same — Measure of Damages.** — In such action the amount of his recovery is not limited to the amount necessary to pay debts. He is entitled to recover the full amount of the damage caused by the injury complained of, and will hold the amount so recovered to be administered according to law.

**Same, where Land is Vacant.** — If the premises are vacant and unoccupied, the bringing of such an action would be equivalent to taking possession.

Appeal by defendant from a judgment of the district court for Hennepin county, *Young,* J., presiding. The case is stated in the opinion. A former appeal is reported in 29 Minn. 418.

*Secombe, Sutherland & Herring,* for appellant, cited *Noon* v. *Finnegan,* 29 Minn. 418, and argued that the action cannot be maintained, because (1) the defendant, as grantee of the heirs, owned the real estate and was entitled to possession, subject only to the liability of a sale, under order of the probate court, for payment of debts, and his acts were not a trespass against any one; (2) trees cut and removed from the land are not rents and profits within the meaning of Gen. St. 1878, *c.* 52, § 6, nor is the money received on a sale of them. *Sheppard* v. *Pettit,* 30 Minn. 119; (3) rents of real estate after the death of the ancestor belong to the heir, and not to the personal representative. *McCoy* v. *Scott,* 2 Rawle, 222; *Adams* v. *Adams,* 4 Watts, 160; (4) it does not appear in any way in the case that the real estate is not now sufficient to pay the debts. *Paine* v. *First Div., etc., R. Co.,* 14 Minn. 49, (65.)

In no event should plaintiff recover from defendant more than four-

sevenths of the amount of the debts, or, at the utmost, the amount of the debts.

*Beebe & Russman,* for respondent.

MITCHELL, J.[1]  This action was brought by plaintiff, as administratrix of the estate of John Noon, to recover for injuries to the real estate of her intestate committed subsequent to his decease. The injuries complained of consisted of cutting and carrying away standing timber. Since the case was here on a former appeal, (29 Minn. 418,) the complaint has been amended by alleging that the heirs of Noon had not entered into possession of the premises, but that the plaintiff, as such administratrix, had asserted her right thereto, and had entered and taken possession.

The court below found as conclusions of fact, among others, that the estate was not fully administered; that there were debts against it to the amount of about $200; that Noon died intestate, leaving surviving him his widow, the plaintiff, and seven children, three of whom are still minors; and that defendant, by mesne conveyances from the heirs who have attained their majority, has acquired the title to the undivided four-sevenths of the premises; that the premises were vacant and unoccupied; that the value of the timber cut and carried away by the defendant was $414. On these findings judgment was ordered against defendant for that sum.

The sole question presented in this case on the former appeal was whether a personal representative who had never asserted his right under the statute to the possession of the real estate could maintain an action for injuries committed thereon *post mortem decedentis.* The majority of the court, by a line of reasoning which need not here be repeated, came to the conclusion that he could not. The gist of what was there decided was that the property, the intermeddling with which would make a wrong-doer responsible to the lawful executor or administrator, must be limited to that which is in the control or possession of such personal representative; that the real estate only becomes such upon his taking possession, under the privilege given him by statute; that, until he does so, the rights of the heirs and devisees

---

[1] Dickinson, J., because of illness, took no part in this decision.

remain as at common law. But it was also there held that if the personal representative has asserted his rights by taking possession, he can maintain an action for injuries to the realty committed after the death of his decedent; that his possession relates back to the death of such decedent, and therefore he can maintain such an action, even although the injuries were committed before he took possession, or before his letters of administration were granted. It was also there held that if the land was vacant, the bringing the action would be equivalent to taking possession.

If these views were correct, it necessarily follows that, under the findings of fact, the plaintiff was entitled to recover. In view of the facts that the statute gave the right to take possession of the realty, and that she has asserted that right, it follows, as a consequence, that she may maintain this action independently of section 5, chapter 77, and recover the full amount of damage done to the premises. The amount of the recovery is not limited by the amount of the debts, nor affected by any rights which the defendant may have acquired through the heirs, which are necessarily subject to the rights of the administration. The whole amount goes into the hand of the personal representative, to be held by her, as she would rents, issues, or profits, for the payment of debts, if necessary, and if not, for those entitled to the real estate; that is, to be administered according to law, under the direction of the probate court, which alone has original jurisdiction of such matters. For this court, or the district court, to fix the amount of the recovery on any other basis, would be practically to assume jurisdiction which belongs exclusively to that court.

Judgment affirmed.