MARTHA WASHINGTON, RESPONDENT, v. MARY A.
BLACK ET AL., APPELLANTS.

ESTATES OF DECEDENTS — RENTS AND PROFITS OF LANDS DEVISED — DEV-
ASTAVIT — LIABILITY OF EXECUTRIX — SETTLEMENT OF FINAL ACCOUNT
— JURISDICTION OF PROBATE COURT. — An executrix is entitled to re-
ceive the rents and profits of lands devised as a part of the assets of the
estate of the deceased testator until such lands are distributed, and is
not liable to a personal action for the same at the suit of the devisee after
the settlement of her final account, though such rents and profits were
not included therein, nor at any time administered, sold, or paid out by·
the executrix, or distributed to any person, and though the executrix
was guilty of a *devastavit* in respect to such assets by neglect to account
therefor.    The matter of the settlement of the estate and the distribu-
tion of such assets to the person entitled thereto is under the sole juris-
diction of the probate court, and the personal obligation for the *devastavit*
is only enforceable by resort to the court which settled the account.
ID. — CONCLUSIVENESS OF FINAL ACCOUNT. — The decree of the probate court
settling the accounts of an administrator or executor, and fixing the
amount of his liability, is conclusive upon all persons interested in the
estate who are not under disability.
ID. — PRESUMPTION AS TO RECEIPT OF ASSETS BY EXECUTRIX — FINDING OF
PROBATIVE FACTS. — An executrix having lawful authority to receive
the rents and profits of lands devised in her official capacity, and no
authority appearing to receive them in any other capacity, must be pre-
sumed to have received the same as assets of the estate, though it is not
found that she received them as executrix.    Findings of probative facts
showing that she did not treat them as assets of the estate in the course
of administration do not show that they were not received by her as
executrix.

APPEAL from a judgment of the Superior Court of
Yolo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*E. E. Bush,* and *C. W. Thomas,* for Appellants.

*A. P. Catlin,* for Respondent.

THORNTON, J. — James Moore died in 1884, leaving a
will, which was afterward duly admitted to probate in
Yolo County.    He died possessed of a large estate.    By

his will he bequeathed, among other things, a handsome estate to his wife, the defendant, Mary A. Black, who since his death has married her co-defendant, James R. Black. He also bequeathed to her all of his personal property, in trust, to pay his debts, funeral expenses, and costs of administration, and the remainder of this personal property to her.

He devised to his daughter, Martha Washington, in fee, the south half of section 11, township 9 north, range 1 west, Mount Diablo meridian, saving and excepting about ten acres, etc.

The defendant Mary A. was appointed, qualified, and acted as executrix, and administered the estate under the will. The personal property demised to her in trust was more than sufficient to pay the testator's debts, funeral expenses, and the expenses of administration.

While the defendant Mary was executrix she received in the year 1885, as rents, issues, and profits of the land devised as above mentioned to the plaintiff, the following sums: $2,652.82 on the fourteenth day of August, 1885, from the sale of wheat received by her as rent of said land; also, about the same time, the further sum of $91.81 from the sale of other wheat received by her as such rent; also, the further sum of $100 received for pasturage of said land; also, the further sum of $676.50 received by her as proceeds of the sale of certain summer-fallow on said land, — all received prior to the fifteenth day of November, 1885, and making a total thus received of $3,521.12.

The defendant Mary rendered a final account of her administration to the proper superior court, which was settled and approved. The court further finds that on or about the —— day of April, 1888, the defendant was discharged as executrix.

The court further finds that the land devised to plaintiff was by the proper court ordered to be delivered to her upon her giving security as provided by article 1 of

chapter 2 of title 2 of part 3 of the Code of Civil Procedure.

It is further found that the superior court of Yolo County did not at any time make an order for the sale by the executrix of the personal property above mentioned as received for rents and profits of the land devised to plaintiff, or of any part of it; nor did the executrix ever sell said personal property, or any part thereof, under any order or direction of said superior court; nor did the said court at any time make any order confirming any sale of said personal property, or any part thereof; nor did said superior court at any time make an order or decree that said rents, issues, and profits, or any part thereof, were assets of said estate; nor did the said superior court at any time make any order or decree in the matter of said estate distributing to said defendant the said rents, issues, and profits, or any part thereof.

The plaintiff, before this suit was begun, demanded of defendant Mary the payment of the rents and profits above mentioned, which she refused to pay.

On the facts above detailed, the plaintiff, by the judgment of the court, recovered of defendant Mary $3,112.12, with interest from the 13th of November, 1885.

It will be observed that it is found as a fact that the rents and profits in controversy here were received by the executrix while she was executrix. Whether she received them as executrix is not found. It appears, from certain probative facts which are found, that she did not treat them as assets of the estate. She never included them in any account rendered by her to the court, and she did render her accounts, which were by the court settled and allowed. Nor were they ever referred to in any report made by defendant to the court. But these probative facts do not necessarily show that the defendant did not receive these sums as executrix. And as she had lawful authority to receive them in her

official capacity, and no authority to receive them in any other capacity, we must hold until otherwise appearing that she received them as executrix, in the only way she was authorized by law to receive them. There is not the least evidence that the defendant assumed to receive them as bailiff, or steward, or agent of the plaintiff, or that the latter ever empowered or authorized her to receive them as her agent. Conceding there is some evidence tending to show this, it is not so found.

The land out of which these rents and profits issued was ordered to be distributed to plaintiff prior to the receipt of some of them by the defendant, but it was not delivered into her possession until the 16th of November, 1885. To this date the executrix was clearly entitled to receive these rents, by virtue of the provisions of section 1452 of the Code of Civil Procedure. By this section she is entitled to receive the rents and profits of the real estate until the estate is settled, or until delivered by order of the court to the heirs or devisees. It is true that the devisee of this land, the plaintiff, takes title from the death of the testator, and has a right to the rents and profits arising from it from the same date; but this right is subject to the right of the executrix to the possession of the land, and to receive the rents and profits arising therefrom, until the happening of the events above designated. Conceding that the plaintiff might have maintained an action to recover the rents, etc., on a promise to pay such to her by the executrix, we find no evidence of such promise here, and no such promise is found. As the facts appear, we see no ground for holding that the plaintiff could maintain an action on this case prior to the regular distribution by the proper court. It is argued that the executrix is estopped to say that they are rents of the estate of Moore by her conduct in withholding them from her account and report to the probate court in never treating them as such. But we cannot see that this plaintiff was mis-

led in any way by this conduct, and therefore it cannot be held that there is any such thing as an estoppel. How the failure on the part of the executrix to do her duty in relation to those rents and profits in making return of them to the probate court, and accounting for them, can work an estoppel, we cannot see. We are bound to hold that the plaintiff was cognizant of her rights, and that she could have compelled an account of them to her by the executrix in due course of procedure in the probate court. She was notified regularly of the settlement of the accounts of the executrix, and made no attempt to charge the executrix with this money on the settlement. She might have examined the executrix before that court, and obtained a disclosure of the receipt of those rents.

In a case like the one before us the matters in controversy are under the sole jurisdiction of the probate court. The remedy must be sought there. This, we think, is conclusively determined by this court in *Reynolds* v. *Brumagim*, 54 Cal. 254. It was there attempted to charge Brumagim for a neglect to sue as administrator within the period prescribed by the statute of limitations for land in the possession of adverse claimants whereby the land was lost to the estate. It was ruled that the action could not be maintained; that under our system the probate court had jurisdiction to settle the accounts of an administrator, and to ascertain and determine his liability to the estate, and the decree of that court settling the accounts and fixing the amount of liability was conclusive. (See Code Civ. Proc., secs. 1637, 1908.)

Section 1637 declares that "the settlement of the account, and the allowance thereof by the court, or upon appeal, is conclusive as against all persons in any way interested in the estate," with a saving which does not apply here, as it does not appear that the plaintiff was under any disability.

The learned counsel for plaintiff lays some stress on

the fact that the executrix in this case was guilty of a
*devastavit* by her neglect to account, for which she is per-
sonally bound.   This may be conceded, yet it does not
change the result.   The question is, By what mode of
procedure is such personal obligation to be enforced?
And that, as pointed out above, is to be enforced by a
resort to the court which settled the account.

It is said by counsel for plaintiff that the rents and
profits of the land were not assets of the estate.   This
contention cannot be maintained.   The whole estate,
real and personal, under our system, is assets, and may
be, if required, applied to the payment of the debts of
the estate.   It was so held in *Estate of Woodworth,* 31 Cal.
605, 613, 617, 618.   Sanderson, J., in his concurring
remarks, expressly includes accruing rents of the real
estate among the assets.   In a general sense, every part
of the estate is assets which comes under the law to an
executor and administrator.   (Story's Eq. Jur., sec. 531.)

The ruling in *Estate of Woodworth, supra,* that "the
rents and profits of real estate accruing subsequent to
the death of the testator are not personal property in the
hands of the executor to be first applied to the payment
of debts in exoneration of the general personalty," does
not hold that such rents are not assets for the payment
of debts.   On the contrary, the language used implied
that they are such assets.   The case was one calling for
the marshaling of the assets of Woodworth's estate.
What necessity was there to say anything about the ac-
cruing rents in the marshaling of the assets, unless they
were assets?   But it is clearly held that such rents are
assets.   (*Estate of Woodworth,* 31 Cal. 605.)   It cannot be
said that that which under the law comes to the hands
of an executor or administrator is not assets.   Such
estate is all assets.   Whether it is needed to pay debts
or not is not the question.   It cannot be said that that
which is required to pay debts is assets, and that which
is not required is not.   The amount of assets is not

determined by the amount of the indebtedness of the estate, but by the amount of the estate.

We cannot perceive how the judgment and order in this case can be sustained. They are therefore reversed, and the cause remanded.

So ordered.

McFARLAND, J., and SHARPSTEIN, J., concurred.