[No. 1561.]

ALBERT F. PRICE, AS ADMINISTRATOR OF THE ESTATE OF
WM. E. PRICE, DECEASED, APPELLANT, v. M. E.
WARD, RESPONDENT.

WASTE. Waste is permanent or lasting injury, done, or permitted to be
done, by the holder of a particular estate to the inheritance, to the
prejudice of any one who has an interest in the inheritance.

TRESPASS. Trespass is an injury to the estate, or the use thereof, by one
who is a stranger to the title.

ESTATES OF DECEASED PERSONS—ADMINISTRATORS—JURISDICTION—WASTE—
TRESPASS—LAND IN FOREIGN STATE. An administrator who takes
land as assets by express provisions of law has no such right, title
or interest in and to the lands of his intestate in another state as
will authorize him to sue to redeem from a mortgage thereon by
setting off against the mortgage debt waste committed by the
mortgagee in possession after the death of the intestate, or to
recover damages for waste or trespass on such lands. (BONNIFIELD,
C. J., dissents.)

APPEAL from the Second Judicial District Court, Washoe
County; B. F. Curler, Judge.

Action by Albert F. Price, as Administrator of the Estate
of William E. Price, Deceased, against M. E. Ward. From
an order sustaining a demurrer to the complaint, and the
judgment rendered thereon, plaintiff appeals. Affirmed.

The facts sufficiently appear in the opinion.

Torreyson & Summerfield and F. H. Norcross, for Appellant:

Defendant is a mortgagee in possession, and being a mort-
gagee in possession he must account for all waste or destruc-
tion committed by him while in possession. (Givens v.
McCalmont, 4 Watts, 460; Daniel v. Coker, 70 Ala. 260; Guth-
rie v. Kahle, 46 Pa. 333; Onderdonk v. Gray, 19 N. J. Eq. 65.)

The mortgagor cannot maintain ejectment against a mort-
gagee in possession. (Wilson v. Ring, 40 Me. 116; Conner
v. Whitmore, 52 Me. 185; Wells v. Rice, 34 Ark. 346; Pace v.
Chadderdon, 4 Minn. 499, Gil. 390; Sahler v. Signer, 44 Barb.
614; Hennesy v. Farrell, 20 Wis. 42.)

A mortgagee has no right or authority to take possession
of the mortgaged premises, and hold the same for the satis-
faction of his debt, without the consent of the mortgagor.
(Witherell v. Wiberg, 4 Sawy. 232, Fed. Cas. No. 17, 917;
Brinkham v. Jones, 44 Wis. 512.) Legal estates in land

cannot be transferred by the mere act of taking possession. (*Trimm* v. *Marsh,* 54 N. Y. 599, 13 Am. Rep. 623.)

No matter what the form of the deed or conveyance, if it be given and intended as a security for a debt due, or for money loaned, it shall be a mortgage, with all its attributes, and nothing more. (*Brinkham* v. *Jones,* 44 Wis. 512, 2 Jones, Mortg. 114, 1120–1123; *Cookes* v. *Culbertson,* 9 Nev. 199.)

A judgment or decree may indirectly affect the title to lands situate in another state. (2 Freeman, Judgm., sec. 564, p. 975, notes 1, 2, sec. 572, p. 988, notes 4, 5; *Newton* v. *Bronson,* 13 N. Y. 587, 67 Am. Dec. 89, and note; *Watkins* v. *Holman,* 16 Pet. 25, 10 L. ed. 873.)

While courts of one state have no jurisdiction to determine a naked question of title to lands in another state, they probably are competent to enforce a trust, irrespective of the location of the land, and to decree a conveyance, though in so doing they may be compelled to determine the question of title. (2 Freeman on Judgm., sec. 572, p. 988, note 5; *MacGregor* v. *MacGregor,* 9 Iowa, 65; *Massie* v. *Watts,* 6 Cranch, 148, 3 L. ed. 181; *Burnley* v. *Stevenson,* 24 Ohio St. 474, 15 Am. Rep. 621; *Watkins* v. *Holman,* 16 Pet. 26, 10 L. ed. 874.)

A court having jurisdiction of the person of the defendant will, by its process of injunction and attachment, compel him to do justice by the execution of such conveyances and assurances as will affect the title of the property in the jurisdiction within which it is situated. (*Newton* v. *Bronson,* 13 N. Y. 587, 67 Am. Dec. 91; *Muller* v. *Dows,* 94 U. S. 444, 24 L. ed. 207; *Gardner* v. *Ogden,* 22 N. Y. 327, 78 Am. Dec. 192; *Morris* v. *Hand,* 70 Tex. 483, 8 S. W. 210; *Watts* v. *Waddle,* 6 Pet. 400, 8 L. ed. 442; *Watkins* v. *Holman,* 16 Pet. 25, 10 L. ed. 873; *Penn* v. *Lord Baltimore,* 1 Ves. Sr. 444; *Davis* v. *Headley,* 22 N. J. Eq. 120; *Snook* v. *Snetzer,* 25 Ohio St. 520.)

Without regard to the situation of the subject matter, courts consider the equities between the parties, and decree *in personam* according to those equities, and enforce obedience to their decrees by process *in personam.* (*Phelps* v. *McDonald,* 99 U. S. 298–308, 25 L. ed. 473–476; *McGee* v. *Sweeney,* 84 Cal. 100, 23 Pac. 1117; *Wood* v. *Warner,* 15 N. J. Eq. 81; *Bailey* v. *Ryder,* 10 N. Y. 363; *Mitchell* v. *Bunch,* 2 Paige, 606, 22 Am. Dec. 669.)

The fact that the land is situated in the State of California is immaterial to the jurisdiction. (*Newton* v. *Bronson,* 13 N. Y. 587, 67 Am. Dec. 90; *Gardner* v. *Ogden,* 22 N. Y. 327, 78 Am. Dec. 192.)

A bill to redeem is the proper proceeding. (*Seaver* v. *Durant,* 39 Vt. 103; *Dailey* v. *Abbott,* 40 Ark. 275; *Spect* v. *Spect,* 88 Cal. 442, 13 L. R. A. 137, 26 Pac. 203; *Freeman* v. *Campbell,* 109 Cal. 360, 42 Pac. 35; *Malone* v. *Roy,* 107 Cal. 518, 40 Pac. 1040; *Ahern* v. *McCarthy,* 107 Cal. 384, 40 Pac. 482; Pom. Eq. Jur., 2d ed., sec. 1196; *De Cazara* v. *Orena,* 80 Cal. 132, 22 Pac. 74; *Posten* v. *Miller,* 60 Wis. 494, 19 N. W. 540; *Hubbell* v. *Moulson,* 53 N. Y. 225, 13 Am. Rep. 519; *Farris* v. *Houston,* 78 Ala. 250.)

If it is intended to claim for waste of the mortgagee in possession, it must be charged in the bill; otherwise there can be no issue in regard to it. (*Gordon* v. *Hobart,* 2 Story, 260, Fed. Cas. No. 5, 608; 3 Daniel, Ch. Pl. & Pr. pp. 1919–1921.)

The administrator, being entitled under the statute to the possession of the lands of his intestate, has such an interest as entitles him to redeem or to compel a release of a satisfied mortgage. (*In re Smith,* 4 Nev. 254, 97 Am. Dec. 531; Stats. 1897, pp. 144–145, secs. 164–167; 2 Jones, Mortg. 1099; *Enos* v. *Sutherland,* 11 Mich. 541; *Merriam* v. *Barton,* 14 Vt. 501.)

It is the duty of the administrator to pay off the debts out of the personal estate, if sufficient for that purpose, and prepare the estate for distribution among the heirs. To discharge this duty he must of necessity be permitted to maintain a bill of this description, as the only means of ascertaining what may be due, if anything, on the mortgage. (*Cunningham* v. *Ashley,* 45 Cal. 493; *Jordan* v. *Pollock,* 14 Ga. 145; *Meeks* v. *Vassault,* 3 Sawy. 206, Fed. Cas. No. 9393; *Curtis* v. *Herrick,* 14 Cal. 119, 73 Am. Dec. 632; Story Eq. Pl. 163, and note; *Telfair* v. *Stead,* 2 Cranch, 407, 418, 2 L. ed. 320, 324; *In re Smith,* 4 Nev. 254, 97 Am. Dec. 531.)

Certainly, Price in his lifetime would have had the right to bring the action, and under section 165, Stats. 1897, administrators have the right to maintain all actions which might have been maintained by or against their respective

testators or intestates in their lifetime. (*Page* v. *Tucker*, 54 Cal. 121; *Miller* v. *Hoberg*, 22 Minn. 249.)

A mortgagee in possession is bound to account for all rents, issues and profits received by him, and for all waste and destruction of the premises, and he must deduct the allowance for these matters from the amount due on his mortgage. But such allowance can only be claimed either on bill to foreclose or bill to redeem against a mortgagee in possession, and in possession as mortgagee. (*Onderdonk* v. *Gray*, 19 N. J. Eq. 65; *McCormick* v. *Digby*, 8 Blackf. 99; *Youle* v. *Richards*, 1 N. J. Eq. 538, 23 Am. Dec. 722.)

*A. E. Cheney* and *E. D. Vanderlieth*, for Respondent:

The entry of respondent upon these premises was both willfully and knowingly made, and without the consent of any one.

The trespass and waste being willful and without the consent of Price, the defendant stands in the same relation thereto as a stranger. An action at law where the trespass was committed will afford ample relief for the real parties in interest.

There is no legal reason in those jurisdictions where a mortgage is considered as a mere security, and not a conveyance, why the mortgagor may not maintain an action at law to recover the damages for injury to the freehold. (*Cline* v. *Robbins*, 112 Cal. 585, 44 Pac. 1023.)

Not being entitled to administer upon this property, having no right by virtue of his appointment in this state to hold the possession or distribute this estate, the appellant is a stranger to the title to this California property, and has no right to redeem it, and, having no right to redeem, he is without any basis for claiming an equitable accounting.

As each administrator represents a different sovereignty, and has jurisdiction of different estates, and is not a party to actions brought against the representative of his intestate in another state, there is no privity between them, and a judgment for or against the defendant in this state will not be a bar to a like action by any administrator who may be appointed of this estate in California. There is no mutuality, which is a requisite of all estoppels. (1 Woerner, American

Law of Administration, 158; 8 Am. & Eng. Ency. Law, 1st ed., p. 427; *Stacy* v. *Thrasher*, 6 How. 44, 12 L. ed. 337; *Taylor* v. *Barron*, 35 N. H. 496; *Creswell* v. *Slack*, 68 Iowa, 113, 26 N. W. 42; *Deery* v. *Cray*, 5 Wall. 803, 18 L. ed. 655; 2 Pom. Eq. Jur. 813; 2 Black, Judgm. 563; 1 Freeman, Judgm. 163; *State* v. *Fulton* (Tenn. Ch. App.), 49 S. W. 297; *Johnson* v. *Powers*, 139 U. S. 156, 35 L. ed. 112, 11 Sup. Ct. Rep. 525; *Braithwaite* v. *Harvey*, 14 Mont. 208, 27 L. R. A. and exhaustive note, 101, 36 Pac. 39; *McGarvey* v. *Darnell*, 134 Ill. 367, 10 L. R. A. 861, 25 N. E. 1005.)

Each state controls the terms and conditions upon which land within its domain may be held, alienated, and inherited, and its tribunal alone has power to adjudicate its devolution. (1 Woerner, American Law of Administration, 157, 158, 168; *United States* v. *Crosby*, 7 Cranch, 115, 3 L. ed. 287; *McCormick* v. *Sullivant*, 10 Wheat. 202, 6 L. ed. 303; *Sneed* v. *Ewing*, 5 J. J. Marsh, 460, 22 Am. Dec. 47; Cal. Code Civ. Proc. 1913; 1 Story, Confl. L. 426–428.)

There is no presumption that the statutory law of another state is the same as it is in this state. (*Murphy* v. *Collins*, 121 Mass. 6; *Ellis* v. *Maxson*, 19 Mich. 186, 2 Am. Rep. 81; *McDonald* v. *Mallory*, 77 N. Y. 550, 33 Am. Rep. 664; *Hull* v. *Augustine*, 23 Wis. 383; *Johnson* v. *Chambers*, 12 Ind. 102; *McPike* v. *McPike*, 111 Mo. 216, 20 S. W. 12; Lawson, Presumptive Evidence, rule 82, p. 370; 1 Greenl. Ev., 15th ed., sec. 43, note c.)

The authority of the appellant as administrator of the estate of Wm. Price is confined to the state of his appointment, and he has no right to collect the rents or profits of land located in California. (Cal. Code Civ. Proc. 1913; 1 Woerner, American Law of Administration, 157, 158, 160, 168; *McPike* v. *McPike*, 111 Mo. 216, 20 S. W. 12; *Fairchild* v. *Hagel*, 54 Ark. 61, 14 S. W. 1102; *Smith* v. *Wiley*, 22 Ala. 396, 58 Am. Dec. 262; *Rutherford* v. *Clark*, 4 Bush, 27; *Low* v. *Burrows*, 12 Cal. 188; *Taylor* v. *Barron*, 35 N. H. 496.)

The policy of the law of both Nevada and California requires that all actions for injury to land, or which affect the title thereto, must be prosecuted where the lands are situated. (Gen. Stats. 3040; Cal. Code Civ. Proc. 392.)

An action in any form to determine a right or interest in

real property must be tried where the property is situated. (*Drinkhouse* v. *Spring Valley Water Works*, 80 Cal. 308, 22 Pac. 252; *Sloss* v. *De Toro*, 77 Cal. 132, 19 Pac. 233; *Baker* v. *Fireman's Fund Ins. Co.*, 73 Cal. 182, 14 Pac. 686; *Marysville* v. *North Bloomfield Gravel M. Co.*, 66 Cal. 343, 5 Pac. 507.)

The administrator can recover only for waste committed during the lifetime of Wm. Price. (Stats. 1897, p. 145, sec. 166.)

Rents and profits issuing out of real estate after the death of the owner are a part of the realty, and therefore pass to the heir or devisee, and not to the personal representative of the deceased owner. (11 Am. & Eng. Ency. Law, 2d ed., pp. 841, 1209, note 833, 1208; *Shepard* v. *Manhattan R. Co.*, 117 N. Y. 446, 24 N. E. 30; *Griswold* v. *Metropolitan Elev. R. Co.*, 122 N. Y. 102, 25 N. E. 331; 1 Washb. Real Prop. 152–154.)

No one has a right to redeem land from a mortgagee, unless he has an interest in the property itself. (11 Am. & Eng. Ency. Law, 2d ed., p. 215, note 1.)

The administrator's possession of the real estate in Nevada is for the protection of creditors, and unless there are creditors the heirs may recover possession, and there is no necessity for administration. (*Gossage* v. *Crown Point M. Co.*, 14 Nev. 153; *Wright* v. *Smith*, 19 Nev. 143, 7 Pac. 365; *Beckett* v. *Selover*, 7 Cal. 238, 68 Am. Dec. 237; *Chapman* v. *Hollister*, 42 Cal. 463.)

By the Court, MASSEY, J.:

The complaint in this action consists of two counts.

By the first count the appellant, as administrator of the estate of William Price, deceased (appointed as such by a probate court of this state), seeks by a decree in equity to have a deed absolute on its face to lands in the State of California declared a mortgage, to redeem said lands from the same by setting off against the debt secured thereby damages in waste committed by the respondent in possession thereof as mortgagee after the death of the intestate, the mortgagor, and for a judgment over for the balance of the damages after the satisfaction and discharge of the mortgage debt.

By the second count the said appellant seeks a judgment against the respondent for damages for waste or trespass

committed by the respondent, after the death of the intestate, to the same lands in his possession under the deed absolute on its face, but alleged to have been given as a mortgage. The specific acts complained of are cutting and selling the timber growing upon said lands. A demurrer to the complaint was interposed and sustained. The appeal is from the order sustaining the demurrer, and the judgment rendered thereon.

Waste, as understood in law, is permanent or lasting injury done or permitted to be done by the holder of a particular estate to the inheritance, or the prejudice of any one who has an interest in the inheritance. (*Duvall* v. *Waters*, 18 Am. Dec. 350; *Dooley* v. *Stringham*, 4 Utah, 107, 7 Pac. 405; *Davenport* v. *Magoon*, 13 Or. 3, 4 Pac. 299; Cooley, Torts, p. 302; 28 Am. & Eng. Enc. Law, 1st ed., 862.)

Waste and trespass are easily distinguished. Briefly stated, waste is the permanent or lasting injury to the estate by one who has not an absolute or unqualified title thereto. Trespass is an injury to the estate, or the use thereof, by one who is a stranger to the title. (*Duvall* v. *Waters, supra; Lander* v. *Hall*, 69 Wis. 326, 34 N. W. 80; High, Inj., 3d ed., sec. 650.)

Our statutes have in no manner changed the definition of waste as above given. We have also been unable to find any provision of the statutes that in any manner changes the distinction made by the authorities above cited. The only change made by the statute in action for waste, if it can be called a change, is found in that provision giving a right of action, to "any person aggrieved," for waste committed by a guardian, tenant for life or years, joint tenant, or tenant in common of real property. (Gen. Stats. 3274.)

It will be observed that this section in no manner changes the rights of a mortgagor or mortgagee in such action as they existed at common law.

At common law no person could maintain an action for waste but he who had the immediate estate of inheritance, without any interposing vested freehold. (28 Am. & Eng. Enc. Law, 1st ed., 904.) Also, at common law a mortgagee in possession as such might commit waste, unless he had expressly covenanted against it; but he would be required to

apply the timber cut to the interest and principal of the mortgage debt, in an action to foreclose or redeem. (2 Greenl. Cruise on Real Property, p. 111; Hill. Mortg., 4th ed., 1123; 28 Am. & Eng. Enc. Law, 1st ed., p. 897; *Hanson* v. *Derby*, 2 Vern. 392; *McCormick* v. *Digby*, 8 Blackf. 99; *Onderdonk* v. *Gray*, 19 N. J. Eq. 65.)

"Although a mortgagee in fee in possession has a right at law to commit any kind of waste, because he is considered as the absolute owner of the inheritance, yet he will be restrained in equity; and the court of chancery will also decree an account to be taken of the trees cut down, and direct the produce to be applied first in the payment of interest due on the mortgage, and then in reducing the principal." (2 Greenl. Cruise on Real Property, *supra.*)

In *Onderdonk* v. *Gray*, *supra*, it is said: "A mortgagee in possession is bound to account for all rents, issues and profits received by him, and for all waste and destruction of the premises, and must deduct the allowance for these matters from the amount due on his mortgage; and Gray has adopted the proper course to entitle him to such allowance—filing a cross bill, and praying for such account, and to be allowed to redeem on paying the balance. But such allowances can only be claimed either on a bill to foreclose or a bill to redeem against a mortgagee in possession, and in possession as a mortgagee. He cannot be called to account in such suits for trespass committed by him; nor if he is in possession as a tenant of a mortgagor under a lease from him, which a mortgagee may take as well as a stranger, can the mortgagee claim an allowance for rent due on the lease or waste committed as a tenant." (See, also, *Guthrie* v. *Kahle*, 46 Pa. St. 331.)

Keeping these general principles in mind, we come to the main question presented by the averments in the first count of the complaint—the right of the administrator to maintain an action to redeem. Generally such action can be maintained by those who have an interest in the mortgaged premises, and would be losers by foreclosure.

"Any person who holds a legal estate in the mortgaged premises, or any part thereof, derived through, under, or in privity with the mortgagor, and any person holding either a

legal or equitable lien on the premises, or any part thereof, under or in privity with the mortgagor's estate, may also in like manner redeem from a prior mortgage." (Pom. Eq. Jur. 280.)

"No person can come into a court of equity for a redemption of a mortgage but he who is entitled to the legal estate of the mortgagor, or claims a subsisting interest under him. * * * If the respondents have shown no interest in themselves, or a right to redeem the mortgage on their own account, or on account of others with whom some connection is shown, and whose interest they have a right to represent, their claims cannot be supported, notwithstanding some other person might have a right to enforce the same claim." (*Grant* v. *Duane*, 9 Johns. 611.)

At common law the real property of a decedent could not be subjected to the payment of simple-contract debts, and was not subject to administration; but in this, as in nearly all of the states, this rule has been changed by statute, and the real property, while descending to the heirs, is made subject to the payment of debts in the course of administration, and becomes assets in the hands of the administrator for that purpose. Hence it has been held that the administrator may have such an interest in the lands of the decedent as would entitle him to redeem, and therefore entitle him to maintain such an action.

In one case it is said: "It is also claimed that the suit is improperly brought by the administrator, and that the heirs should have been made parties. Whether in such cases the heirs are ever necessary parties, under our system, where the bill is filed for redemption, or to remove an alleged cloud in the shape of an undischarged mortgage, it is not now important to examine. * * * The administrator, being entitled under the statute to the possession of the lands of his intestate, has such an interest as entitles him to redeem or to compel a release of a satisfied mortgage; and, if the heirs would have been proper parties, the decree is nevertheless valid, inasmuch as it does complete justice as it stands, provided it is sustained by the proofs." (*Enos* v. *Sutherland*, 11 Mich. 541.)

Discussing the same question in another case, the court

says: "It is said that this bill cannot be maintained by the administrator of Leach. In England, where the real estate upon the death of the intestate passes directly to the heir, and is not assets in the hands of the administrator for the payment of debts, the bill should be brought by the heirs. But with us the law is different. The action of ejectment is given to the administrator, and the heirs cannot have the action until there has been a division of the estate under a decree of the probate court in cases where a division is necessary. It is the duty of the administrator to pay off the debts out of the personal estate, if sufficient for that purpose, and prepare the estate for distribution among the heirs. To discharge this duty he must, of necessity, be permitted to maintain a bill of this description, as the only means of ascertaining what may be due, if anything, on the mortgage." (*Merriam* v. *Barton*, 14 Vt. 513.)

It will be noted that the right of the administrator to maintain an action to redeem the intestate's lands from a mortgage is based upon the express provisions of the law making the lands assets in his hands to be administered upon, and giving to him the right of possession thereof for the purposes of administration. Notwithstanding our statute gives the administrator appointed thereunder the right of possession of the lands of the intestate not exempted, and the right to the rents, issues, and profits thereof for the purpose of administration, and the same become assets in his hands for the payment of debts, it cannot be claimed or maintained that he is entitled to the possession of lands in another state, and under another jurisdiction, or that such lands become assets in his hands for the purposes of administration.

Discussing the power of administrators, the Supreme Court of Iowa uses the following language: "The administrator appointed in this state derives his powers from the statutes of this state. He succeeds to none of the powers or rights of the Pennsylvania administrator. His appointment empowers him to collect such assets of the estate as may be found in this state, and he may make such disposition of them as is directed by the laws of this state; and he is not answerable for his conduct either to the foreign administrator or to

the power from which his authority is derived, but is independent of both. There is privity neither in law nor estate between them, and there is no general principle of law under which it can be held that a judgment against the one is binding upon the others." (*Creswell* v. *Slack*, 68 Iowa, 113, 26 N. W. 42.)

The Supreme Court of the United States, in *Johnson* v. *Powers* (139 U. S. 160, 11 Sup. Ct. 526), discussing the same question, quotes with approval from the opinion of Mr. Justice Grier in *Stacy* v. *Thrasher* (6 How. 58), in which he uses the following language: "The administrator receives his authority from the ordinary or other officer of the government where the goods of the intestate are situate, but coming into such possession by succession to the intestate, and incumbered with the duty to pay his debts, he is considered in law as in privity with him, and therefore bound or estopped by a judgment against him. Yet his representation of his intestate is a qualified one, and extends not beyond the assets of which the ordinary had jurisdiction." (*Johnson* v. *Powers*, 139 U. S. 160, 11 Sup. Ct. 526.)

The following authorities hold to the same effect: 1 Woerner, Admn. 158; 8 Am. & Eng. Enc. Law, 1st ed., 427; *Taylor* v. *Barron*, 35 N. H. 496; *Deery* v. *Cray*, 5 Wall. 803; *Braithwaite* v. *Harvey* (Mont.), 36 Pac. 39; *State* v. *Fulton* (Tenn. Ch. App.), 49 S. W. 297.

If, then, an action to redeem lands from a mortgage by setting off and applying damages in waste committed by the mortgagee in possession as such can only be maintained in an action to foreclose or redeem, and if the administrator can only maintain an action to redeem as to such lands as are assets in his hands for the purpose of administration, or to which he is entitled to the possession, then it cannot be claimed that he has any power or right to maintain such action as to lands which are not assets in his hands, and the possession of which he is not entitled to.

Considering now the right of an administrator appointed under the law of this state to maintain an action for damages in the nature of waste committed after the death of the intestate by a mortgagee upon the mortgaged premises situated in another state, it is clearly apparent that, if the rule

laid down in the authorities above cited prevails here, no such authority, power, or right exists.

If such claim for allowance for damages by waste can be made only in actions to foreclose or redeem under the reason given, then the administrator cannot maintain an action for waste committed by a mortgagee upon the mortgaged premises in an independent action. It may with a show of reason be claimed that the rights of the mortgagee and a mortgagor with reference to the possession of the mortgaged premises have been changed by our statute, which declares that a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of a mortgage to recover the possession of the real property without foreclosure and sale. (Gen. Stats. 3284.)

The mortgagee, under the above provision, not having the right to recover the possession of the mortgaged premises before foreclosure and sale, has no right to the possession. Therefore his entry upon the mortgaged premises and cutting the timber thereon were without authority of law—a trespass for which he should be held liable in damages to the proper parties in a court of competent jurisdiction. If this be the correct view of the law, then he must be held liable for such damages under that section of our statute which gives a right of action to the " owner of such land " against any person who shall cut down or carry away any of the trees or timber thereon without lawful authority. (Gen. Stats. 3275.)

Can it be claimed under these provisions of the law that the administrator appointed by the district court of this state is in any sense such an owner of the lands situated in California, upon which the respondent, after the death of the intestate, committed the alleged trespass, as would entitle him, as such administrator, to maintain an action therefor? The title of the intestate to these lands upon his death vested, under our statute, in his heirs. It certainly cannot be pretended that the title to real estate in California upon the death of the intestate vested in the administrator in this state for any purpose whatever. Neither would the law of this state, under the authorities cited, vest in the administrator the right of possession, or the right to recover the possession, of said lands. If the administrator can have no title

to the lands in California by virtue of his appointment as
administrator in this state—if he is not entitled to the pos-
session of the same under his appointment—he can have no
right, title or interest whatever in them, and therefore can-
not be called the "owner" thereof, in any sense or meaning
of that word.

This court in giving an interpretation to the word "owner"
as used in our statutes, has been very liberal; holding that
one who had the right of possession to be the owner thereof.
(For a full and exhaustive discussion of the question, see
*State* v. *Wheeler*, 23 Nev. 143, 44 Pac. 430.)

If, then, the administrator cannot, under these statutes,
maintain the action, we must look to other provisions of the
law to ascertain whether such authority is given. By sec-
tions 165, 166, pp. 144, 145, Stats. 1897, the legislature has
conferred authority upon administrators to maintain certain
actions. In the last-named section is found authority to
maintain actions for trespass committed upon the real estate
of the deceased while living. The facts shown here do not
make a case within this provision, and the right of the
administrator to maintain an action for trespass committed
upon the lands of the deceased situated in this state can only
arise by implication from his right to the possession, and the
rents, issues, and profits, as conferred by preceding sections
of the same act (sections 94 and 164), or by giving to the
words "owner of such lands," of section 3275, above cited,
an interpretation that would allow the party entitled to the
possession of such lands a right of action.

We must therefore conclude that an administrator
appointed under the laws of this state holds no such right,
title, or interest in and to the lands of his intestate situated
in another state as would authorize him to maintain an
action to redeem from a mortgage thereon by setting off
against the mortgaged debt waste committed thereon by the
mortgagee in possession thereof as mortgagee after the death
of the intestate; nor has such administrator such right, title
or interest in said lands as would authorize him to recover
for such damage committed as aforesaid; nor has he such
power or authority conferred by our statutes to maintain an
action for damages in trespass committed by the respondent

upon said lands after the death of the intestate. The admitted wrong is not without its proper remedy, and the right of action can be maintained by the proper parties.

The judgment and order will be affirmed.

BELKNAP, J.: I concur.

BONNIFIELD, C. J., dissenting:

A demurrer to the plaintiff's complaint was sustained by the district court on the grounds that said complaint "does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant." Judgment was given to the effect that the plaintiff recover nothing from the defendant, and that the defendant recover his costs of the plaintiff, taxed at the sum of three dollars. This appeal is taken from the judgment and from the order sustaining the demurrer.

It appears from the complaint that said William Price died intestate in October, 1897, at Washoe county, State of Nevada, the place of his residence; that said Albert F. Price was duly appointed administrator of the estate of said deceased by the district court of said county, and that he duly qualified and entered upon his duties as such administrator; that in the year 1894 said William Price borrowed $1,000 of defendant, a resident of said county, and then and there executed to defendant his promissory note therefor, and thereupon, to secure the payment of said note, executed to the defendant a mortgage on a certain section of timber land belonging to said Price containing 640 acres, and situated in Nevada county, State of California; that in January, 1897, default having been made in the payment of said note, Price, at the request of the defendant, executed and delivered to him, at said Washoe county, a deed of conveyance for said land and premises; that said deed was absolute in form, but executed by Price and received by the defendant only as security to secure the payment of said promissory note, and other sums advanced by the defendant on account of said land; that said deed was duly recorded in the office of the county recorder of said Nevada county, State of California, on the 9th day of January, 1897; that at the time of the execution of said deed and at the date of the death of William Price

said land was heavily timbered with trees suitable for the
manufacture of lumber, sawed timbers, and firewood; that
said land, with the timber standing thereon, was worth at
said dates $12,000; that the defendant, since the death of said
Price, and without the permission of any one representing
said estate, and without authority from any source, willfully
entered upon said land, erected thereon a sawmill, cut down
a large number of the trees standing on said land, manufac-
tured the same into lumber and sawed timbers, removed and
carried said lumber and sawed timbers away from said land,
and converted the same to his own use; that said lumber
and timbers manufactured, removed, carried, and converted
as aforesaid by the defendant were and are of the net value
of $6,000; that there is due the defendant on said promissory
note, and for certain payments made by the defendant on
account of said land, the sum only of $1,700 in the aggregate.
The plaintiff prays for judgment for treble the said sum of
$6,000, less the said sum of $1,700, and for costs of suit, for
a decree requiring the defendant to surrender to plaintiff
said promissory note, and to execute, acknowledge, and
deliver to him, as such administrator, a conveyance of said
land, and for general relief.

It is said in the decision on demurrer: "This is an action
on the part of Albert F. Price, as administrator of the estate
of William E. Price, deceased, appointed in the district court
of the Second judicial district of the State of Nevada, in and
for Washoe county, against M. E. Ward, a resident of this
jurisdiction, to obtain a decree of this court declaring a deed
executed in this jurisdiction by William E. Price, in his life-
time, of property situated in Sierra [Nevada] county, State
of California, a mortgage; to compel a conveyance of said
property to said Albert F. Price, as administrator; and for
triple damages for waste committed on said property by said
defendant."

It is further said: "Taking all of the allegations of the
complaint as true, it simply amounts to a declaration that
this property is the property of the estate of William Price,
deceased, in the State of California, subject to administra-
tion in that state, and gives a right of action, not to the
administrator appointed in the State of Nevada, but to the

administrator appointed, or that should be appointed, in the State of California. The claim for damages for waste rests upon the same basis."

That said deed, in effect, is simply a mortgage, under the allegations of the complaint, is not controverted, and needs no citation of authorities. That some one is entitled to a decree declaring it to be a mortgage seems clear. It seems clear that the defendant is liable to account to some one, in some court, for the net value of said lumber and sawed timber that he removed from the mortgaged premises and converted to his own use, alleged to be the sum of $6,000. It likewise appears that some one is entitled to a personal judgment against the defendant for the difference between said net value of $6,000 and said $1,700 due from said estate to defendant, and to a conveyance of said land from the defendant, so as to put the title in the true owner, the estate of William Price, and to have said promissory note given up. To recover the net value of said property so converted, or a judgment for the difference between said value and the $1,700 due the defendant, the action would have to be prosecuted in a court having jurisdiction of the person of the defendant.

No court in the State of California can acquire jurisdiction of the person of the defendant in the State of Nevada, the place of his residence, by the service in this state of any process or notice that it may issue. We cannot presume that the defendant would voluntarily appear in such action and submit his person to the jurisdiction of such court. An administrator appointed in California could not maintain such an action in a court in the State of Nevada. If such action cannot be maintained in a Nevada court, then the defendant may retain 'said lumber and timber, or the proceeds of the sale thereof, to his own use, although, as shown by the complaint, and admitted by the defendant, as the case now stands, the same is not his property.

In *Edwards* v. *Ballard*, 14 La. Ann. 362, it is held that, although no real action would lie in Louisiana for lands sold in Mississippi, yet a suit brought to recover the proceeds of those lands from a defendant domiciled in Louisiana would fall within the jurisdiction of the Louisiana courts. In most of the states, under the common law and the statutes, the

real estate of the deceased person descends directly to the
heir or devisee, without passing through the custody of the
executor or administrator.   Upon this rule counsel seems to
base his contention that the plaintiff could not maintain
an action against the defendant on any cause accruing with
respect to real estate after the death of the intestate, even
though the property was situated in this state; that the right
of action would belong solely to the heir or devisee.   But in
several of the states, including Nevada, California, Alabama,
and Minnesota, the personal representative is entitled to the
possession and control, for the purpose and during the term
of the administration, of the real as well as the personal
property of the decedent.   (Woerner, Admn. 337;   Stats.
1897, p. 119.)

For particular purposes the letters of administration relate
back to the time of the death of the intestate, and vest the
property in the administrator from that time.   On this
principle an administrator may maintain trespass for injuries
to the goods of the intestate committed after such death, and
before his appointment.   (Woerner, Admn. 173.)

And where the administrator, under the statute, is put into
possession of the real estate as well as the personal estate,
any action necessary to protect the same against wrongdoers,
or to recover damages for injuries thereto, including eject-
ment for possession, must lie in favor of the administrator.
(Woerner, Admn. 293, and cases cited in note 2.)

When he has properly asserted his right to the possession,
he may maintain possessory action in his own name, even
against the heirs or devisees, or recover the rents, incomes,
or profits, or for injury to the land or anything severed from
it, or for injuries committed before he took possession, and
after the death of the decedent.   (Woerner, Admn. 337.)

"An executor or administrator may maintain an action to
recover timber logs cut and removed by a trespasser from
the lands of the estate, although the heir or devisee may also
maintain an action on failure of the personal representative
to assert his statutory rights."   (*Leatherwood* v. *Sullivan*, 81
Ala. 458, 1 South. 718.)

"A personal representative who has taken possession of the
real estate of the decedent can maintain an action for injuries

to such realty committed *post mortem decedentis*. This is so
even if the injuries were committed before he took possession,
and before his letters of administration were granted."
(*Noon* v. *Finnegan*, 32 Minn. 81, 19 N. W. 391.)

" If the premises are vacant and unoccupied, the bringing
of such action would be equivalent to taking possession."
(*Noon* v. *Finnegan*, 29 Minn. 418, 13 N. W. 197.)

"The whole estate, real and personal, under our system, is
assets, and may be, if required, applied to the payment of
the debts of the estate." (*Washington* v. *Black*, 83 Cal. 295,
23 Pac. 300.)

I think said contention of counsel, and the inference sought
to be drawn therefrom against the rights of the administrator
in this case, are without merit.

It is argued by the trial court and by counsel that a decree
declaring said deed to be a mortgage, and requiring the
defendant to execute a deed to the plaintiff by the district
court of Washoe county, would be meddling or interfering
with the devolution of the property of the estate in the state
where it is located, and that the courts of that state would dis-
regard such decree and deed, and that the defendant would
be still liable to an action for waste by an administrator
appointed in California. The answer to this contention is:

First—That such deed would in no manner meddle with
the devolution of the property of the estate situated in Cali-
fornia, or interfere with the administration of the estate
there. A deed from the defendant to the plaintiff as admin-
istrator would simply take the title out of the defendant and
place it in the plaintiff as administrator, showing that the
property belonged to the estate of the deceased, whereas it
now appears of record in the recorder's office of Nevada
county, Cal., to belong to the defendant. It would form the
basis for, and facilitate, the administration of the estate of
William Price in that state.

Second—There would be no occasion for the administrator,
when appointed in California, to bring a suit to have said
deed to the defendant decreed to be a mortgage, and thus
determine the true ownership of said land.

Third—Such administrator could not recover judgment
against the defendant for waste, or for the value of said lum-

ber and timbers converted as aforesaid, unless the defendant voluntarily placed himself within the jurisdiction of a California court.

The contention that the courts of California would pay no attention whatever to any such deed from the defendant is simply an assumption of counsel. It seems well established by the authorities cited by appellant's counsel that, when the court has acquired jurisdiction of the parties in a matter of proper equitable cognizance, it may, by acting *in personam*, compel the conveyance of interests in real property, and administer other relief in the furtherance of justice, notwithstanding the property or interest involved may be situated without the state.

From the allegations of the complaint, it appears that the defendant has unlawfully appropriated a portion of said property of said estate. The deed prayed for would be a means to prevent further unlawful appropriation, and preserve the remainder of said property to said estate, which equity and good conscience demand.

That the complaint shows that some one is entitled at least to recover a personal judgment against the defendant for said value of said lumber and timbers, less the said sum due the defendant, and a decree declaring that said deed to defendant is a mortgage, and requiring him to execute a deed to said land, and to give up said promissory note, I think cannot be reasonably disputed. The vital question in the case is, is the plaintiff entitled to such a judgment and decree? If so, he can prosecute this action therefor. The moneys collected on such judgment by the plaintiff would properly be assets of said estate, and subject to the payment of resident and non-resident creditors of the intestate who have presented, or who may present, their claims in pursuance of the provisions of the statute.

The policy of the law in every state is to subject all the property of the decedent, real and personal, to the payment of the creditors of the decedent, except certain reasonable exemptions for the benefit of his family. If the plaintiff cannot maintain this action to recover such judgment, then the heirs alone may sue the defendant, and recover the value of said lumber and timber for their own use, and deprive all

of said creditors thereof, in contravention of said policy; for, if the administrator could compel the heirs to account for the moneys collected of the defendant for the value of said property, I see no reason why he may not maintain the action against the defendant for said value. Such judgment in favor of the plaintiff would inure to the benefit of all creditors of the deceased, and to all his heirs, in manner contemplated by the law, and would be no injury to any one. And the deed prayed for would benefit all parties who have any interest in the estate situated in California, by placing the title beyond dispute in the estate there, and thus aid in the prompt administration thereof, while, as I think I have shown above, the defendant can be in no manner injured in any of his rights, or subjected to a second recovery for the value of said property so converted by him.

The plaintiff is liable for the payment of said promissory note so far as anything appears to the contrary, and if he has not the legal capacity to maintain this action he has no defense against said note. He could not properly set up as a defense in an action on the note by the respondent any of the matters contained in the complaint herein. The respondent may then retain said lumber and timber to his own use without accounting to the plaintiff therefor and compel the plaintiff to pay said note if there be sufficient assets in his hands.

I am of opinion that Albert F. Price, as the legal representative of the intestate, has the right to maintain this action for the recovery of a judgment and decree above indicated and that it is his duty to do so in the interest of the creditors of the decedent and all persons having an interest in said estate.

I am of opinion that the order of the district court sustaining said demurrer should be overruled and the judgment reversed.