**In re QUICK CATERING COMPANY, INC., a Nevada corporation, Debtor.**

**QUICK CATERING COMPANY, INC., Plaintiff,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, a New York corporation, and Herb Hallman Chevrolet, Inc., a Nevada corporation, Defendants.**

Bankruptcy No. 81–00080.
Adversary No. 81–0033.

United States Bankruptcy Court, D. Nevada.

April 7, 1981.

Alan R. Smith, Miller & Daar, Reno, Nev., for plaintiff.

Michael E. Malloy, Walther, Key, Maupin, Oats, Cox, Lee & Klaich, Reno, Nev., for defendant General Motors Acceptance Corporation.

OPINION AND DECISION

BURT M. GOLDWATER, Bankruptcy Judge.

The issue to be determined in this case is whether or not General Motors Acceptance

Corporation (G.M.A.C.) had a right to repossess two Chevrolet vans, the title in each of said vans being in the name of Don Jenkins, an individual, dba Quick Mobile Catering, after the filing of a bankruptcy petition by Quick Catering Company, Inc., a Nevada corporation. Quick Catering Company, Inc., contends that the repossession was a violation of the automatic stay of 11 U.S.C. § 362. G.M.A.C. contends that the vans did not belong to the debtor because of the contracts with Jenkins and consequently were not property of the debtor's estate subject to the automatic stay.

This case can be resolved either under Section 362(a)(3) or under Section 541(a)(1).

Section 362(a)(3) provides that the filing of the bankruptcy petition shall operate as a stay of "any act to obtain possession . . . of property from the estate." The legislative history of Section 362 indicates that property from the estate is property over which the estate has control or possession. *Collier on Bankruptcy*, Vol. 2 at page 362–31 illustrates this and states that an example of property from the estate is property that has been leased or bailed to the debtor prior to the commencement of the case. Quick Catering Company, Inc., had control and possession of the vans. The vans were purchased for cash in Los Angeles in 1978 and were refinanced in 1979 in Reno at the time of acquisition of a third van after the corporation was formed. The third van was put in the name of the corporation and these two vans were put in the individual name of the president under a fictitious name. A personal guarantee would have been sufficient. The intention was that they should be corporate property.

Section 541(a) defines property of the estate as property comprising all legal and equitable interests of the debtor in property as of the commencement of the case.

Equitable is defined in *Black's Law Dictionary*, 632 (4th ed. 1968) as that which is just, fair, and right in consideration of the facts and circumstances of the individual case. *Black's supra* at 1656 defines equitable title as the beneficial interest of one person whom equity regards as the real

owner, although the legal title is vested in another.

The monthly payments on all vans were made from the checking account of Quick Catering Company, Inc., and the corporation carried the vans on its books as property of the corporation.

4 *Collier* 541–5 states that Section 541(a)(1) is very broad and includes all types of property. In *In the Matter of G.S.V.A. Restaurant Corp.*, 1 C.B.C.2d 727, 3 B.R. 491 (Bkrtcy.1980), the Court interpreted the statute broadly and held that de facto possession of property was enough of an equitable interest to justify an automatic stay.

Generally, the existence and nature of debtor's interest in property is determined by nonbankruptcy law. There is one old Nevada case, *Price v. Ward*, 25 Nev. 203, 58 P. 849 (1899) which interpreted the word owner to mean one that has the right of possession.

■ If the bankruptcy debtor is considered to have a possessory interest in this property, whether de facto or de jure, it suffices for the purpose of establishing that the debtor had an equitable interest under Section 541(a).

Further proof is that there is an equity in the vans. There is approximately $25,000 due G.M.A.C. with a stipulated value of $28,000 to $38,000.

■ Let judgment be entered that the automatic stay of 11 U.S.C. § 362 gives the plaintiff Quick Catering Company, Inc. the right to continue in possession of the vans taken by defendants General Motors Acceptance Corporation and Herb Hallman Chevrolet.